# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

MICHAEL GUERERRA            :
240 Williams Street         :
Alpha, NJ 08865             :
                            :
vs.                         :
                            :
NEW JERSEY TRANSIT RAIL     :
OPERATIONS, INC.            :
One Penn Plaza East         :
Newark, NJ   07105-2246     :

## COMPLAINT

1. The Plaintiff herein, Michael Guerrera, is a citizen of the State of New Jersey residing at the above address.

2. Defendant, New Jersey Transit Rail Operations, Inc. (hereinafter referred to as "NJT"), is a corporation duly organized and doing business in the Commonwealth of Pennsylvania with its principle place of business at the above address.

3. The action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, Sec 51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act", and under "The Federal Safety Appliance Act", Title 45, U.S.C.A., Sec. 1-16 inclusive and under "The Federal Boiler Inspection Act", Title 45, U.S.C.A., Sec. 22-34, inclusive.

4. All the acts alleged to have been done or not to have been done by the Defendant were done or not done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of its employment for and on behalf of the Defendant.

5. At all time material hereto, Plaintiff was employed by Defendant.

6. All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the Defendant, its agents, servants and/or employees.

## COUNT I

7. Plaintiff incorporates by reference paragraphs 1-6.

8. On or about February 4, 2013 and for some time prior thereto, Plaintiff was employed by Defendant, NJT as a welder/trackman and on that date in the performance of his duties he sustained the serious, permanent and painful personal injuries, more particularly hereinafter described when, while loading salt boxes on the platform Plaintiff was caused to sustain injury due to the negligence and carelessness of the Defendant. As a result, Plaintiff sustained severe personal injuries hereinafter described.

9. The negligence and carelessness of the Defendant consisted of the following, inter alia:

    a) Failing to provide Plaintiff with a safe place to work;

    b) Failing to provide adequate manpower;

    c) Failing to warn Plaintiff of the existence of said dangerous condition;

    d) Failing to provide equipment reasonably safe for working condition;

    e) Failing to maintain said equipment in a condition which would protect and safeguard the Plaintiff;

    f) Failing to correct the dangerous conditions existing thereon;

    g) Failing to use due care under the circumstances.

10. As a result of the aforesaid, Plaintiff suffered injuries to his neck and shoulder. Plaintiff has been advised that some or all of the above may be permanent in nature.

11. As a result of the aforesaid, Plaintiff has and may hereafter incur a medically determinable physical or mental impairment which prevents Plaintiff from performing all or substantially all of the material acts and duties which constitute his usual and customary daily activities.

## **COUNT II**

12. Plaintiff incorporates by reference paragraphs 1-6.

13. During Plaintiff's entire working career, while working within the scope of his employment in various locations throughout Defendants' railroad system, Plaintiff was injured due to unsafe and inadequate working conditions.

14. This injury was caused in whole or in part by the negligence, carelessness and recklessness of the defendants and their agents, servants, workmen and/or employees, acting within the scope of their employment, which negligence consisted of the following:

    a) in failing to provide the plaintiff with a safe place to work as required by the Federal Employers' Liability Act, Title 45 U.S.C. Secs. 51-60.

    b) in failing to comply with safety rules and regulations of the defendant;

    c) in failing to comply with the operating rules and regulations of the defendant;

    d) negligence of the defendant's agents, servants, workmen and/or employees;

e)   in failing to comply with the applicable government regulations;

f)   in failing to take any effective action to reduce, modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate cumulative and repetitive trauma to which Plaintiff would be exposed;

g)   in failing to periodically test employees such as the Plaintiff for physical effects of repetitive trauma, and failing to take appropriate action, including advising the Plaintiff as to the test results;

h)   in failing to warn the Plaintiff of the risk of repetitive trauma injuries as a result of exposure to repetitive occupational trauma;

i)   in providing the Plaintiff, and those working around him, with equipment which the Defendant knew or should have known caused repetitive trauma injuries as a result of exposure to repetitive occupational trauma;

j)   in failing to make reasonable efforts to inspect or monitor the levels/amounts of repetitive trauma produced by the work duties/tasks which the Plaintiff was required to perform for the Defendant; and,

k)   in failing to provide the Plaintiff with protective equipment designed to protect him from repetitive trauma injuries as a result of exposure to repetitive occupational trauma.

15. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff suffered aggravation of existing conditions and cumulative micro traumas disorders/repetitive stress injuries as follows: knees, lower extremities and feet.

16. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been unable to attend to his usual duties and occupations, all of which caused substantial financial loss and all of which may and probably will continue in the future.

17. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been and may continue to be required to receive and undergo medical treatment and medical care, including surgery, and has incurred reasonable and necessary medical expenses, all of which may and probably will continue in the future.

18. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience, stress and a loss of enjoyment of life and may continue to suffer same for an indefinite period of time in the future.

**WHEREFORE**, the plaintiff, Michael Guerrera, claims of the defendant, a sum in excess of **ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00)** together with interest and costs and brings this action to recover same.

                    **KELLER & GOGGIN, P.C.**

                By: _____
                    James M. Duckworth, Esquire
                    Attorney I.D. No. 83017
                    1528 Walnut Street
                    Suite 900
                    Philadelphia, PA   19102
                    (215) 735-8780

                    Attorneys for Plaintiff

## VERIFICATION

I, _Michael Guerrero_, have read the foregoing. The statements herein are correct to the best of my personal knowledge, information and/or belief. This statement and verification is made subject to the penalties or 18 Pa. C.S.A.Sec. 4904 relating to unsworn falsifications to authorities, which provide that if I knowingly make false averments, I may be subject to criminal penalties.

_____